USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>—v—<br><br>Oneil Dasilva,<br><br>Defendant. | 15-cr-95 (AJN)<br><br>ORDER |

ALISON J. NATHAN, District Judge:

The Court is in receipt of the Defendant's September 17, 2020 letter, Dkt. No. 3002, and the Government's September 18, 2020 letter, Dkt. No. 3003. In light of the parties' representation that no redactions are necessary, the Court will file its September 11, 2020 Order on the public docket.

With respect to the Defendant's alternative request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Dkt. No. 2974 at 8–9, for the same reasons provided in the Court's prior decision, that request is denied. In evaluating whether a reduction in sentence is warranted, the Court considers whether "extraordinary and compelling reasons warrant such a reduction [in sentence] . . . and [whether] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence." *United States v. Butler*, No. 19-CR-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020). U.S.S.G. § 1B1.13 outlines four circumstances that constitute "extraordinary and compelling reasons" and thus warrant a sentence reduction, including one that applies when the defendant is "suffering from a serious

physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  While the Second Circuit recently held that district courts are not constrained by the factors set forth in U.S.S.G. § 1B1.13(1)(A), *see United States v. Zullo*, No. 19-3218-CR, ---- F.3d ----, 2020 WL 5739712, at *6–7 (2d Cir. Sept. 25, 2020), the Court nonetheless takes into account the policy considerations outlined in U.S.S.G. § 1B1.13(1)(A) in its discretion.  For the reasons outlined in the September 11, 2020 Opinion, the Court finds that Mr. Dasilva's health conditions constitute an extraordinary reason under the terms of the statute.

Notwithstanding this, the Court finds that reducing the Defendant's sentence is neither warranted under the terms of 18 U.S.C. § 3582(c)(1)(A)(i) nor supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A).  *See United States v. Fernandez*, No. 12-CR-844-9 (AJN), 2020 WL 3034799, at *2 (S.D.N.Y. June 5, 2020).  More specifically, U.S.S.G. § 1B1.13(2) entails consideration that the defendant not pose "a danger to the safety of any other person or to the community."  As the Court noted in its September 11, 2020 Opinion, Mr. Dasilva's criminal record reveals a pattern of dangerous and violent conduct and a history of access to firearms.  Prior to sentencing in this matter, he had already amassed three prior violent felony convictions.  PSR ¶ 42–44.  And the underlying conduct in this case, which included his involvement in a September 2011 shooting that injured six adults and two minors, egregiously endangered the safety of the community.  PSR ¶ 22.  In light of this, the Court cannot conclude that Mr. Dasilva does not pose a danger to the safety of any other person or the community.

In addition, and dispositively, the Court finds that application of the § 3553 factors also counsels against a reduction of the Defendant's sentence.  Despite the changed circumstances

posed by the COVID-19 pandemic, the Court concludes that a reduction of the Defendant's sentence would undercut the requirement that the sentence "reflect the seriousness of the offense . . . promote respect for the law. . . provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B). *See also* 18 U.S.C. § 3553(a)(2)(C) (requiring that courts consider whether the sentence is needed "to protect the public from further crimes of the defendant"). So while Mr. Dasilva's health conditions raise new considerations that impact the Court's analysis of the § 3553 factors, they do not change the ultimate result; altogether, the Court finds that the § 3553 factors support maintaining the original sentence. For the same reasons, the Court declines to issue any recommendations to BOP regarding the appropriate designation for Mr. Dasilva.

    As a result, having considered all of the arguments put forth by the Defendant, the Court concludes that Mr. Dasilva does not meet the requisite criteria to qualify for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and that consideration of the § 3553 factors continues to support a denial of his requests for relief.

    SO ORDERED.

Dated: September 28, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge