USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

    —v—                                                    15-cr-95 (AJN)

Oneil Dasilva,                                           MEMORANDUM
                                                        OPINION & ORDER
                        Defendant.

ALISON J. NATHAN, District Judge:

On August 9, 2020, Defendant Oneil Dasilva filed an emergency motion seeking

compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion

is DENIED.

**I.    BACKGROUND**

On December 8, 2016, Mr. Dasilva pleaded guilty to Count Four of the S2 superseding

indictment in the above-captioned case, which charged him with discharging firearms in

furtherance of the racketeering and narcotics conspiracies charged in other counts. *See* Dkt. No.

1346 ("Judgment") at 1. On May 12, 2017, the Court imposed a sentence of 180 months, to be

followed by three years of supervised release. *Id.* at 2–3. The Defendant then appealed the

sentence, Dkt. No. 1369, and the Court of Appeals for the Second Circuit affirmed. Dkt. No.

2563.

On June 15, 2020, the Court received a letter from Mr. Dasilva requested the appointment

of counsel for purposes of his compassionate release motion, which the Court granted. Dkt. No.

2893; Dkt. No. 2899. The motion was fully briefed as of August 20, 2020. Dkt. No. 2974.

**II.    DISCUSSION**

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment

once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few

narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One such exception

lies in the compassionate-release statute, which allows a court to "reduce" a term of

imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . .

extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(1)(A)(i).  Under the First Step Act, defendants serving their sentence may now move

the Court for compassionate release.  *See United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL

497987, at *1 (S.D.N.Y. Jan. 15, 2020); *United States v. Gross*, No. 15-cr-769 (AJN), 2020 WL

1673244, at *2 (S.D.N.Y. Apr. 6, 2020).

   To grant relief under the compassionate release statute, the Court must first find that

"extraordinary and compelling reasons warrant" compassionate release, 18 U.S.C. §

3582(c)(1)(A)(i), and that release is consistent with the Sentencing Commission's policy

statements, *id.* § 3582(c)(1)(A).  In addition, the Court must consider the factors set forth in 18

U.S.C. § 3553(a).  *Id.* § 3582(c)(1)(A).

   The Court first considers whether "extraordinary and compelling reasons warrant . . . a

reduction" in sentence and whether "such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  "Congress

tasked the Sentencing Commission with identifying the circumstances that are sufficiently

extraordinary and compelling to justify a reduction in sentence."  *United States v. Butler*, No. 19-

cr-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020).  The applicable policy

statement, U.S.S.G. § 1B1.13, and its corresponding commentary outline four categories of

circumstances that constitute "extraordinary and compelling reasons" and thus warrant a sentence reduction.[1]

Mr. Dasilva has shown that extraordinary and compelling reasons warranting compassionate release exist.  Indeed, the Government concedes as much.  *See* Govt. Opp. at 5 ("[T]he Government agrees that Dasilva's obesity satisfies the extraordinary and compelling reason component of the analysis.").  The threat of COVID-19 constitutes an extraordinary and compelling reason for compassionate release for defendants who are at heightened risk of severe illness due to preexisting medical conditions.  *See, e.g.*, *United States v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020); *United States v. Anderson*, No. 16-CR-824 (JMF), 2020 WL 2849483, at *2 (S.D.N.Y. June 2, 2020).  Both sides agree that Mr. Dasilva is obese.  *See* Def. Br. at 14; Gov. Opp. at 4.  And the Government concedes that persons with a BMI of over 30 are at increased risk of severe illness if they were to contract COVID-19.  Govt. Opp. at 4; *see also* Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention, https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited September 7, 2020).  Mr. Dasilva's obesity alone suffices to satisfy the first prong of the analysis, even without reaching Mr. Dasilva's other health conditions.

Next, the compassionate release statute provides that the Court must find that release of the defendant is consistent with "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Under the Sentencing Guidelines, before granting

---

[1] U.S.S.G. § 1B1.13 references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *1, 4 (S.D.N.Y. Jan. 8, 2020).  But as the majority of courts have concluded, under the First Step Act, courts may make their own assessment of whether "extraordinary and compelling" reasons warrant a sentence reduction.  *See, e.g., United States v. Millan*, No. 91-cr-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (collecting cases).

compassionate release the Court must find that the defendant "is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  The Defendant's "violent criminal history cuts against compassionate release."  *United States v. Nieves*, No. 12-CR-931 (AJN), 2020 WL 2476185, *5 (S.D.N.Y. May 13, 2020) (cleaned up).  *See also United States v. Martin*, No. 18-cr-834, 2020 WL 1819961, at *8-*9 (S.D.N.Y. Apr. 10, 2020).

The Defendant's criminal record reveals a pattern of dangerous and violent conduct and a history of access to firearms.  Prior to sentencing in this matter, Mr. Dasilva had already amassed three prior violent felony convictions.  PSR ¶ 42–44.  Furthermore, the underlying conduct in this case, which included his involvement in a September 2011 shooting that injured six adults and two minors, egregiously endangered the safety of the community.  PSR ¶ 22.  Nor does it change the Court's analysis that Mr. Dasilva is mostly confined to a wheelchair.  To begin, that a defendant lacks mobility does not inexorably lead to the conclusion that he cannot pose a danger to the community.  *See Nieves*, 2020 WL 2476185 at *1–*3.  That is especially true where, as here, the defendant's physical condition is not so severe that he is physically unable to commit a violent crime.  *See* Def. Br. at 10 (noting that the Defendant can walk short distances, albeit with difficulty).  Taking all relevant circumstances into account, the Court cannot find that Mr. Dasilva no longer poses a danger to the community.

The Court's balancing of the § 3553(a) factors also informs its denial of Mr. Dasilva's motion.  As noted above, the Court is aware that Mr. Dasilva suffers from medical conditions in addition to his obesity and paraplegia.  Among the factors the Court must consider when undertaking this part of the analysis is whether releasing the Defendant would "reflect the seriousness of the offense . . . promote respect for the law. . . provide just punishment for the offense" or "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A), (B).

4

*See also Nieves*, 2020 WL 2476185 at *3. As stated above, this Court imposed a 15-year sentence on May 12, 2017. Judgment at 2. But as the Court noted at sentencing, Mr. Dasilva's conduct warranted a significantly harsher sentence of "upwards of 25 years." Dkt. No. 1514 ("Sentencing Tr.") at 17. Moreover, the Defendant has served only roughly one-third of that already-reduced sentence. Though the Court's balancing of the § 3553(a) factors considers the current public health crisis, the Defendant's medical conditions, and the Defendant's stated commitment to rehabilitation, the Court cannot conclude that such a drastic reduction of the Defendant's sentence would adequately reflect the seriousness of the offense and promote respect for the law. On balance, therefore, the relevant § 3553(a) factors weigh against compassionate release.

## III.    CONCLUSION

For the reasons articulated above, Defendant's motion for compassionate release is DENIED. This resolves Dkt. No. 2950.

SO ORDERED.

Dated: September 11, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge