UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/21
```

| | |
|---|---|
| United States of America,<br><br>—v—<br><br>Oneil DaSilva,<br><br>                          Defendant. | 15-cr-95 (AJN)<br><br>ORDER |

ALISON J. NATHAN, District Judge:

Before the Court is Defendant Oneil DaSilva's *pro se* motion for compassionate release

or a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the Government opposes.

Dkt. Nos. 3216, 3237.  On September 28, 2020, the Court denied Mr. DaSilva's counseled

motion for relief on the basis that he continued to pose a threat to the community and the balance

of the § 3553(a) factors weighed against compassionate release.  *United States v. DaSilva*, No.

15-cr-95 (AJN), 2020 WL 5764286, at *2 (S.D.N.Y. Sept. 28, 2020) (citing U.S.S.G. §

1B1.13(2) and 18 U.S.C. § 3553(a)).  The Court now DENIES Mr. DaSilva's current motion.

Mr. DaSilva's most recent motion for relief does not raise any changed circumstances

that would alter this Court's previous conclusion.  Even assuming (without deciding) that Mr.

DaSilva has properly exhausted his administrative remedies and has shown extraordinary and

compelling reasons for his release, the Court continues to conclude—for the same reasons stated

in its prior opinion—that Mr. DaSilva is a danger to the community and a reduced sentence

would not adequately reflect the seriousness of the offense, promote respect for the law, provide

just punishment for the offense, or afford adequate deterrence to criminal conduct.  *See id.* at *2

(citing 18 U.S.C. § 3553(a)(2)(A), (B)).  As the Court noted in its previous opinion, Mr.

DaSilva's criminal record reveals a pattern of dangerous and violent conduct and a history of

1

access to firearms.  In sentencing, the Court found that Mr. DaSilva's violent conduct warranted a sentence of "upwards of 25 years," but imposed a sentence of 15 years considering his medical condition.  Sentencing Tr. at 15–18.  To grant Mr. DaSilva a sentence reduction would drastically undermine the aims of § 3553(a).

Moreover, while the Court continues to be sensitive to the dangers and hardships posed by COVID-19, the magnitude of these concerns has changed as inmates now have access to an effective vaccine (which Mr. DaSilva notably declined).  *See* Dkt. No. 3237 at 5; *see also United States v. Tucker*, No. 15-cr-95 (AJN), 2021 WL 3056293, at *2 (S.D.N.Y. 2021) (collecting cases finding that "a defendant's decision not to receive a highly effective and safe vaccine counsels against a finding that their medical condition warrants reduction in sentence"). Accordingly, the Court DENIES Defendant's motion for relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]

This resolves Dkt. No. 3216.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so in forma pauperis status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the Defendant and to note that mailing on the docket.

SO ORDERED.

---

[1] Mr. DaSilva argues that the hardships due to the pandemic raise constitutional concerns, citing the First, Fifth, and Eighth Amendments.  *See* Dkt. Nos. 3216, 3250.  Such claims are properly brought in a habeas petition, not a motion for relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Stitsky*, No. 06-cr-357 (KMW), 2020 WL 7488065, at *2 n.4 (S.D.N.Y. Dec. 14, 2020).

2

Dated: October 7, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge