UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                                                                            :

UNITED STATES OF AMERICA,                    :

              -v-                             :                15 Cr. 95 (JPC)

ONEIL DASILVA,                               :                <u>OPINION AND ORDER</u>

                Defendant.                   :

-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On May 12, 2017, the Honorable Alison J. Nathan sentenced Defendant Oneil DaSilva to a term of imprisonment of 180 months followed by three years of supervised release, after his guilty plea to discharging a firearm in furtherance of racketeering and narcotics conspiracies, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Dkt. 1514 ("Sentencing Tr.") at 18:5-7; Dkt. 1346 (Judgment of Conviction). DaSilva is currently incarcerated at the Federal Medical Center in Devens, Massachusetts, with a projected release date of September 13, 2029. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Nov. 25, 2025).

Before the Court is DaSilva's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(2). Dkt. 3575 ("Motion"). On September 28, 2020, and October 7, 2021, Judge Nathan denied DaSilva's previous two motions for compassionate release under Section 3582(c)(1)(A)(i), concluding that DaSilva continued to pose a threat to the community and that the balance of the factors listed at 18 U.S.C. § 3553(a) weighed against granting

compassionate release. *See* Dkt. 3018 ("*DaSilva I*"); Dkt. 3252 ("*DaSilva II*"). For similar reasons, the Court[1] denies DaSilva's current motion.

First, the Court denies DaSilva's request for relief pursuant to Section 3582(c)(1)(A)(i). Under that provision, a court "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). DaSilva has not pointed to extraordinary and compelling reasons for a reduction of his sentence, and several Section 3553(a) factors—especially "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; the need "to afford adequate deterrence to criminal conduct"; and the need for the sentence "to protect the public from further crimes of the defendant"—strongly counsel against reducing DaSilva's sentence.

DaSilva's recent positive behavior in prison of attaining a GED and taking courses, *see* Motion at 17,[2] does not undermine the extremely serious nature of his offense conduct and the significant danger he poses to the community. DaSilva was as associate of the Big Money Bosses ("BMB"), a street gang that operated primarily on a portion of White Plains Road in the Bronx. Dkt. 1083 ("PSR") ¶¶ 11, 20; *see* Sentencing Tr. at 4:15-16 (Judge Nathan adopting the factual

---

[1] On April 1, 2022, this case was transferred from Judge Nathan to the undersigned. *See* Notice of Case Reassignment, dated Apr. 1, 2022.

[2] DaSilva acknowledges that "he does not have a spotless disciplinary record," but notes that "none of his disciplinary infractions included violence and his last infraction involved the institution phone and was more than two years ago." Motion at 18; *see also* Dkt. 3580 at 10 (Government in opposing compassionate release noting that DaSilva has "three disciplinary infractions—one for possessing a cellphone illegally smuggled into prison").

recitations in the Presentence Investigation Report). In addition to participating in BMB's conspiracy to distribute crack cocaine, DaSilva participated in horrifyingly violent and nearly deadly criminal activity. PSR ¶¶ 20-23. Most significantly, on September 4, 2011, DaSilva and another BMB associate fired gunshots at a backyard barbeque, striking six adults, a thirteen-year-old girl, and a fourteen-year-old-girl. *Id.* ¶ 22. A few months earlier, on July 14, 2011, DaSilva participated in a robbery in which he and three other men forcibly entered their victim's residence displaying firearms, dragged the victim to the stairwell, and then searched the victim's residence and stole his cellphone. *Id.* ¶ 23. DaSilva also has three prior convictions from his teenage years for robbery in the third degree, burglary in the third degree, and attempted robbery in the second degree. *Id.* ¶¶ 42-44; *see DaSilva I* at 4 ("The Defendant's criminal record reveals a pattern of dangerous and violent conduct and a history of access to firearms."). This Court therefore shares Judge Nathan's view that a reduced sentence would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. *See DaSilva I* at 4-5; *DaSilva II* at 1-2.

Given the exceedingly serious and dangerous nature of DaSilva's offense, his argument that his fifteen-year sentence is disproportionately long is unavailing. Any disparity between DaSilva's sentence and those of his co-Defendants appropriately reflects each Defendant's unique role, circumstances, and criminal history. *Cf. United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024) ("Disparities between the sentences of coconspirators can exist for valid reasons, such as . . . the offenses of conviction, or one coconspirator's decision to plead guilty and cooperate with the government." (internal quotation marks omitted)). DaSilva also gives the Court no reason to think that his sentence is significantly longer than the sentences that defendants typically have received for conduct analogous to shooting at a crowd of people in public and striking eight

innocent individuals with bullets. In fact, as Judge Nathan explained at sentencing, but for DaSilva's physical condition of being confined to a wheelchair, "a sentence upwards of 25 years" would have been warranted. Sentencing Tr. at 17:13-20; *see Da Silva I* at 5 ("[T]his Court imposed a 15-year sentence on May 12, 2017. But as the Court noted at sentencing, Mr. Dasilva's conduct warranted a significantly harsher sentence of upwards of 25 years." (citations and internal quotation marks omitted)). The Court agrees with Judge Nathan and concludes that a sentence lower than 180 months' imprisonment would not be appropriate.

The Court also denies DaSilva's request for relief under Section 3582(c)(2). Although Amendment 821 to the United States Sentencing Guidelines retroactively reduces DaSilva's criminal history category from IV to III because he is no longer be eligible for "status points,"[3] that lower criminal history category does not impact DaSilva's Guidelines range given the mandatory minimum prison term of 120 months for his violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See* 18 U.S.C. § 3582(c)(2) (allowing for a sentence reduction motion only "in the case of a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has been subsequently lowered* by the Sentencing Commission pursuant to 28 U.S.C. 944(o)" (emphasis added)); U.S.S.G. § 2K2.4(b) (Nov. 1, 2016) ("Except as provided in subsection (c), if the defendant, whether or not convicted of another crime, was convicted of violating section 924(c)

---

[3] At sentencing, DaSilva's criminal history category of IV contemplated eight criminal history points, which included two points pursuant to the former version of U.S.S.G. § 4A1.1(d) because DaSilva committed the offense while under a term of post-release supervision. Amendment 821 removed that "status points" provision, and replaced it with language now at Section 4A1.1(e), which instructs that one point is added "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Since DaSilva has six criminal history points under subsections (a) through (d) of Section 4A1.1, after Amendment 821, DaSilva now receives no additional "status points" and his criminal history category is III, not IV.

or section 929(a) of title 18, United States Code, the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three and Four shall not apply to that count of conviction."); *see also* Motion at 12-13 (Raposo acknowledging that "the guidelines sentence for [C]ount [F]our . . . is the minimum term of imprisonment required by the statute" and therefore that his "criminal history score and category did not [factor into the] sentence under [C]ount [F]our"). Moreover, even if Amendment 821 had reduced DaSilva's sentencing range, a reduction of DaSilva's sentence under Section 3582(c)(2) still would not be warranted based on the Section 3553(a) factors, for reasons discussed above. *See Dillon v. United States*, 560 U.S. 817, 826 (2010).

For the foregoing reasons, DaSilva's motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close Docket Number 3575, to mail a copy of this Opinion and Order to DaSilva, and to note that mailing on the docket.

SO ORDERED.

Dated: November 25, 2025
 New York, New York

_____
JOHN P. CRONAN
United States District Judge